**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| ALVIN E. GAMBLE, II EL, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | 1:11-cv-00520-TWP-MJD |
| STATE OF INDIANA, | ) ) ) ) | |
| Defendant. | ) | |

**Entry Discussing Selected Matters**

**I.**

Mr. Gamble II El's request to proceed *in forma pauperis* (Dkt. No. 3) is **granted** to the extent that he shall have **through July 8, 2011,** in which to pay the $350.00 filing fee.

The "affidavit of truth" tendered by Mr. Gamble received by the clerk on April 29, 2011, shall be filed and may be docketed as his "affidavit of truth."

**II.**

**A.**

Review of the filings in this action reveals that the action partakes of both (1) an action brought against the State of Indiana challenging the validity of a prosecution in an Indiana state court in which Mr. Gamble II El is the defendant, which is docketed in the state court as No. 49-G14-1011-FD-084737, and (2) the removal of such an action from the Indiana state court. It is important that Mr. Gamble II El specify which of these characterizations is correct. He shall have **through May 31, 2011,** in which to do so.

**B.**

If Mr. Gamble II El reports that he is filing a new action against the State of Indiana, he shall also have **through May 31, 2011,** in which to **supplement** his complaint by identifying any basis on which the claim could overcome Indiana's Eleventh Amendment immunity. *See Indiana Protection and Advocacy Services v. Indiana Family and Social Services Admin.,* 603 F.3d 365, 370-71 (7th Cir. 2010)(explaining that the Eleventh Amendment acts as a bar to "actions in federal court against a state, state agencies, or state officials acting in their official capacities"; this is a barrier which may be raised by the court *sua sponte).*

**C.**

If Mr. Gamble II El reports that this action represents the removal of the prosecution against him in an Indiana state court, he shall have **through May 31, 2011,** in which to: (1) comply with 28 U.S.C. § 1446(a) by filing "a copy of all process, pleadings, and orders served upon [him] in" the state court action; (2) identify the complete cause number which the prosecution in the Indiana state court has been assigned; and (3) identify the statutory or other basis on which the action is being removed to federal court. In complying with these directions, Mr. Gamble II El shall include a certificate of service showing that a copy has been served on counsel for the State of Indiana.

Pursuant to 28 U.S.C. § 1446(c)(4): "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." If Mr. Gamble II El reports that this action represents the removal of the prosecution against him in an Indiana state court, he shall

have **through May 31, 2011,** in which to **show cause** why this action should not be summarily remanded to the Marion Superior Court. In complying with these directions, Mr. Gamble II El shall include a certificate of service showing that a copy has been served on counsel for the State of Indiana.

**IT IS SO ORDERED.**

Date: 05/19/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

ALVIN E. GAMBLE, II El
PO BOX 18343
INDIANAPOLIS, IN 46218

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS OTHER THAN DOCKETING AND DISTRIBUTION.